**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

**V.**                                **NO. 4:07-CR-00025 GTE**

**SHANNON HOUCHIN**                                                      **DEFENDANT**

**SUPPLEMENTAL SENTENCING ORDER**

Mr. Houchin, a former Crittenden County Sheriff's Deputy, pled guilty to one count of subjecting one Joshua Williams to assault, causing bodily injury, and thereby depriving him of his constitutional right to be free from the unreasonable use of force by one acting under color of law, a violation of 18 U.S.C. § 242.

On Friday, November 2, 2007, Defendant Shannon Houchin came before the Court for sentencing. The Court rejected the Defendant's request for a sentence of probation. It also rejected the Government's request for a sentence within the guideline sentencing range of 24-30 months. Instead, the Court imposed a sentence of twelve months' imprisonment, to be followed by three years of supervised release. The Court explained many of its reasons for its sentencing decision during the sentencing hearing. This Order is intended to supplement the Court's previously stated reasons.

**SUPPLEMENTAL FINDINGS**

The Court began the sentencing process, as it always does, by computing the applicable guideline range for the offense. The total offense level for the offense of conviction was 17. To the base offense level of 10 were added a six level increase for committing the offense under color of law, a two level increase because the victim was restrained, and a two level increase for

filing a false report.  The Defendant had no prior criminal history points.  A guideline range of 24-30 applied.

If the Court had imposed a sentence within the guideline range, it would have imposed a sentence at the low end, or 24 months.  The Court instead held that the guideline sentence was too high and that a sentence of 12 months was a reasonable and just sentence.

The record in this case would support either a downward departure from the Guideline sentencing range or a downward variance pursuant to 18 U.S.C. § 3553(a).  Each theory is discussed  separately.

**(1)     Guideline Downward Departure**

The guidelines authorize a downward departure for aberrant behavior.  Such departures are authorized "only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2)  was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."  U.S.S.G. § 5K2.20(b).

Prior to the Defendant's assault on Mr. Williams, the Defendant and Mr. Williams were involved in a physical altercation when the Defendant attempted to arrest Mr. Williams on an outstanding arrest warrant.  Mr. Williams was subsequently arrested after another officer found him in a nearby trailer.  The arresting officer handcuffed Mr. Williams, placed him his patrol car, and transported him to the detention center.  Upon arrival, the Defendant pulled up behind them in his patrol car.  The arresting officer exited his vehicle, leaving Mr. Williams handcuffed in the back seat.  The Defendant opened the back door of the patrol car, struck Mr. Williams several times with his fist, slammed Mr. Williams into his knee, and hit Mr. Williams with his baton.  The Defendant also discharged one or two bursts of pepper spray at Mr. Williams.   After Mr.

Williams was removed from the car, the Defendant struck him several more times before placing him in a cell.

This offense did not result in serious bodily injury. If so, this guideline departure could not be applied. U.S.S.G. § 5K2.0(c). As a result of Defendant's criminal conduct, Mr. Williams was treated by a nurse for a superficial abrasion on his forehead and a swollen nose and lip. Mr. Williams was given nasal spray and ibuprofen. No further treatment was required.

The Court is influenced greatly by the overwhelming evidence that the Defendant's conduct on this occasion was out of character. Several letters recounted that the Defendant had never shown any signs of aggression or violence prior to this occasion and the authors of the letters noted their shock upon learning of this charge. During the sentencing, Aubrey Zachary, Jr., a retired captain with the West Memphis Police Department testified that he personally reviewed the Defendant's police record and background check, on the basis of which he recruited the Defendant to come to work for the West Memphis Police Department. Mr. Zachary personally attested to the Defendant's professionalism on the job.

The undersigned has been a federal district judge for 37 years. In the Court's experience, most convictions of this nature involve an officer with some prior history of questionable conduct or at least the suggestion of violence brewing below the surface. Here, we have an officer with an exemplary police record. The Court is further influenced by the Defendant's commitment and contributions to his community. The Defendant has served as a volunteer fireman, coached youth football, raised money for Muscular Dystrophy, and served as a Mason. Finally, those familiar with the Defendant on a personal level expressed in their letters his strong commitment to his own family, which includes his wife and three children.

The Court concludes, based on the record as a whole, that the Defendant's conduct on

this single occasion represents a marked deviation by the Defendant from his otherwise exemplary record. Because this single criminal occurrence was committed without significant planning and was of limited duration, the Court finds that a downward departure for aberrant behavior is appropriate.

The Court will therefore apply a 50 % downward departure to the low end of the guideline range and impose a sentence of twelve months of imprisonment.

**(2)     Statutory Downward Variance**

As an alternative to a guideline departure, the Court finds that a downward variance is also justified in this case. Post-*Booker*, district courts are required to consider all the factors set forth in 18 U.S.C. § 3553(a) to arrive at a sentence "sufficient, but not greater than necessary" to satisfy the sentencing purposes set forth in § 3553(a)(2). The guideline range is but one of those factors. The Supreme Court has recognized that "[t]he sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the [Sentencing] Commission or the appeals court." *Rita v. United States*, 127 S .Ct. 2456, 2469 (2007).

The Court considered carefully all the § 3553(a) factors before imposing its sentence. The Court will discuss separately those factors that influenced the Court in reaching its ultimate sentencing conclusion that a downward variance is justified in this case.

The Defendants' exemplary record as a law enforcement officer prior to this incident and his record of contributing to society weigh in favor of a variance. Further, all the factors that indicate that this incident was an aberration also support a variance based on the nature and circumstances of the offense.

The Court notes that Mr. Williams was later charged and convicted of 2nd degree battery

for his assault on the Defendant prior to his arrest (and the Defendant's assault on him).  Mr. Williams' prior assault on the Defendant in no way excuses the Defendant's subsequent assault on him.  Police officers must be psychologically equipped to handle violence directed toward them without abusing their significant police powers.  Nor would such prior assault alone justify a reduction of the sentence.  Still, it does provide an explanation for the Defendant's subsequent action.  The Court would be less inclined to depart if Mr. Williams's prior actions had not provoked the Defendant, but the Court would not apply a variance based on this factor alone.

As a result of this conviction, the Defendant will never work again as a police officer.  That penalty ensures that the Defendant will never have the opportunity to commit an offense under color of state law.  Thus, the sentencing purposes of protecting the public from further crimes has been satisfied without imposition of a sentence of imprisonment.  Still, the Court is convinced that a sentence of imprisonment must be imposed "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment."  18 U.S.C. § 3553(a)(2)(A).

The offense is a serious one.  The public has the right to expect that the police will not abuse their powers and that those entrusted with a badge and a gun are psychologically equipped for the stresses of the job.  No citizen should be subjected to police brutality.  In the Court's view, the Defendant must be sentenced to a term of imprisonment to satisfy the above described sentencing purposes.

Two years imprisonment, however, seems too harsh under all the facts and circumstances of this case.  After consideration of all relevant § 3553(a) factors, the Court concludes that a twelve month sentence is reasonable for the offense in question.

## CONCLUSION

For the reasons stated above, the Court concludes that a twelve month sentence of imprisonment is a fair, reasonable and just sentence for the offense of conviction.

IT IS SO ORDERED this 6th day of November, 2007.

                                                       _/s/Garnett Thomas Eisele_____
                                                     UNITED STATES DISTRICT COURT